CARTJTHERS, J.,
delivered the opinion of the Court.
There must he a reversal in this case, for defects in the verdict and judgment. It is an action of ejectment brought under the new law on that subject of 1852. The recovery was for only a part of the land sued for and described in the declaration. This is the entry of the verdict: after naming the jury, it proceeds: “ Who upon their oaths do say they find for the plaintiffs that the defendants are guilty of trespass and ejectment alleged in the declaration, and that the plaintiffs are entitled to all the land mentioned in the declaration that is outside of the enclosure of the defendants for seven years before the bringing of this suit, and that the plaintiffs are entitled to a fee simple interest therein, and they assess the plaintiff’s damage to one cent.” Upon that the judgment is, “It is therefore considered by the Court that the plaintiffs recover of the defendants the land so found by the jury, and that a writ of possession issue.”
The requirement of the reform act of 1852, ch. 152, § 2, is this: “ Where the right of the plaintiff is proved to all the premises claimed, the verdict shall be for the premises as specified in the declaration; but if it be proved to only a part, the verdict shall specify such part, describing the same so that possession can be delivered and a writ of possession be issued.”
This verdict is for part only of the land claimed and specified in the declaration; and does it conform to the requirement of the act in “specifying and describing” it? Certainly not. How is possession to be delivered by the sheriff under that description ? But the verdict is not a legal one under the act unless this can be done.
*568 Among the many evils resulting from this attempt to reform and improve the law on the subject of actions of ejectment — and these are certainly numerous and serious enough' — the requirement of the clause in relation to the certainty of verdicts is not one of them. As by this act the judgment is final and conclusive upon the rights of the parties, as in other suits, it is manifestly proper that the description of the part recovered should he reasonably certain, so that the parties and all others may know the limits and boundaries of the right thus judicially established. How else are men to know what they may safely buy or sell? as this must be a link in the title. The part of the land recovered should be described in the verdict by metes and bounds, a reference to the lines of other tracts, or natural or artificial objects. If the evidence is not sufficient to enable the jury to give such description, the case ought to be delayed until by proper surveys or additional proof this can be done. The greatest uncertainty, giving rise to additional litigation, must prevail in relation to boundaries, if descriptions so vague and indefinite as that in this verdict are held to be sufficient. This evil the Legislature wisely intended to avoid by requiring the jury to specify particularly the land recovered. We are inclined to favor this policy by permitting no verdict to stand which does not conform to the requirement of the act in this particular.
Reversed and remanded.